UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PRP RESTAURANT, INC. d/b/a
GALLAGHER'S 2000,

                              Plaintiff,                        **REPORT AND**
                                                                         **RECOMMENDATION**
      -against-

                                                                             CV 03-4372 (TCP)(ARL)
CYBERTECH INTERNET SOLUTIONS,
INC., et al.,

                              Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      On April 27, 2004, District Judge Thomas C. Platt entered a default judgment against the defendants, Cybertech Internet Solutions, Inc., Cybertech Development Corp., Cybertech Communications Corp., Cybertech Productions, Inc., and Cybertech Internet Strip Club Network and referred to the undersigned the determination of the proper amount of attorneys' fees and costs to be awarded in connection with the matter. Upon receipt of the referral, the undersigned directed the plaintiff to submit papers in support of its request for an award of attorneys' fees and the plaintiff did so. However, prior to its submission of those papers, the plaintiff also moved for a default judgment against the remaining defendant, Paul Brown. On October 8, 2005, Judge Platt entered a default judgment against the defendant Brown in the sum of $100,000 and awarded the plaintiff attorneys' fees in the amount of $10,000.

      The undersigned has attempted to compare the papers submitted in support of the default judgment against Brown with the papers submitted in support of the current request and cannot determine the extent to which the $10,000 award covers the same legal services at issue in this referral. A review of the papers submitted in support the instant request reveals that despite the $10,000 award, counsel for the plaintiffs are still seeking to be reimbursed for their initial review

of the matter, for drafting of the summons and complaint, for pursuing service upon the defendant Brown, and for general research. Accordingly, common sense dictates that the plaintiff has already been reimbursed for some, if not all, of the legal services rendered on its behalf.

Based on the foregoing, the undersigned recommends that the plaintiff's request for an award of attorneys fees in the amount of $16,725.00 be denied, with leave to renew upon a showing the the request is not duplicative. A copy of the Report and Recommendation is being sent to the plaintiff. The plaintiff is to serve the defendants with a copy of the Report and Recommendation by certified mail, return receipt requested, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
September 13, 2005

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge